UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Tech-Optics, Inc. Case No. 26-25373-CLC

Debtor. Chapter 11 Subchapter V
_________________________________/

# ***EMERGENCY*** **MOTION TO AUTHORIZE USE OF CASH COLLATERAL**

****Expedited Hearing Requested****

**Basis for Expedited Relief**

**The Debtor needs use of cash collateral in order for the Debtor to continue to operate, preserve the value of the Debtor's business as a going concern, and generate a return for creditors. Accordingly, the Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to operate its business. The Debtor's vendors are requiring prepayment as a result of the Debtor's bankruptcy, and, accordingly, the Debtor's business is at a standstill until the Debtor receives use of cash collateral. The Debtor respectfully requests that this motion be set for hearing as soon as practicable but no later than November 23, 2026.**

Tech-Optics, Inc. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 363, respectfully requests that the Court enter an order authorizing the Debtor to use cash collateral effective as of the Petition Date. In support, the Debtor states as follows:

## RULE 4001(b)(1)(B) CONCISE STATEMENT SUMMARIZING RELIEF

- **Name of Each Entity with a Cash Collateral Interest:** The following creditors *may* have or assert an interest in the Debtor's cash collateral: TD Bank, National Association ("TD Bank"); Fox Funding Group, LLC ("Fox Funding"); Kalamata Capital Group ("Kalamata"); Corporation Service Company, as Representative; CT Corporation System, as Representative; CHTD Company; CSC, as Representative.

- **Purpose for the Use of Cash Collateral:** To operate the Debtor's business.

- **Material Terms:** The Debtor requests interim use of cash collateral subject to the attached budget for a period of twenty-one days from the entry of an interim order, and further requests that the Court schedule a further hearing, which may be a final hearing, on the Debtor's use of cash collateral.

- **Adequate Protection**: All creditors which may claim an interest in cash collateral are adequately protected by virtue of the fact that the Debtor will be operating on a cash flow positive basis, and additional adequate protection is proposed in the form of replacement liens.

1. On November 18, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

2. The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§1182(2) and 1184.

3. The Debtor is a Florida corporation with its principal place of business located at 10771 SW 188th St., Unit 4, Miami FL 33157. The Debtor manufactures and distributes toner cartridges. As a result of disadvantageous financing and ensuing demands, the Debtor sought bankruptcy protection. The Debtor filed this bankruptcy to reorganize its business.

4. Five UCC-1s have been filed against the Debtor. The UCC-1s list the following secured parties: TD Bank; CSC, as Representative; Corporation Service Company, as Representative; CT Corporation System, as Representative; and CHTD Company (collectively, the "UCC Parties"). TD Bank is the Debtor's senior secured lender. The Debtor believes the remaining 4 UCC-1s were all filed in a representative capacity, and the named secured parties do not hold claims against the Debtor.

5. Other than TD Bank, the remaining four UCC-1s *may* relate to merchant cash advance agreements with Kalamata and Fox Funding.

6. The non-debtor parties listed in paragraphs 4 and 5 of this Motion will be referred to as the "Secured Creditors."

7. Attached hereto as **Exhibit A** is a 30-day budget (the "Budget") encompassing the Debtor's expected income and expenses. As set forth in the Budget, the Debtor expects to operate on a cash flow positive basis over the 30-day period.

8. The Debtor requires the use of cash collateral to fund the necessary operating expenses of its business. As set forth below, the Debtor requests that the Court approve its use of cash collateral, effective as of the Petition Date, pursuant to the terms of the Budget, and further authorize the Debtor to (a) exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

**ARGUMENT**

9. The Debtor's use of property of its estate is governed by Code section 363, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). A debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with § 363. *See* 11 U.S.C. § 1107(a).

10. When a chapter 11 debtor in possession is authorized to operate its business, it may use property of estate in the ordinary course of business, but is prohibited from using cash collateral absent consent of the secured creditor or court authorization. 11 U.S.C. § 363(c). The Code defines "cash collateral" as "cash, negotiable instruments, documents of title, securities, deposit accounts,

or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . ." 11 U.S.C. § 363(a).

11. It is appropriate for the Court to authorize the Debtor to use cash collateral because (a) all creditors with a potential interest in the Debtor's cash collateral are being adequately protected and (b) such use will preserve the going concern value of the estate.

**A. Potential Secured Creditors Are Adequately Protected.**

12. The Bankruptcy Code does not define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in its collateral. *See* 11 U.S.C. § 361; *see In re Potvin Lumber Company, Inc.*, 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtor could use cash collateral and finding that the bank was adequately protected because the total value of the debtor's personal property exceeded the bank's indebtedness).

13. Adequate protection is to be determined on a case-by-case factual analysis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *see also* S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978). For example, *O'Connor* states that "[i]n order to encourage the Debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." 808 F.2d at 1396. (citations omitted).

14. Adequate protection is meant to ensure that a secured creditor receives the value for which it originally bargained pre-bankruptcy. *Swedeland Dev. Group., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citation omitted). The essence of adequate protection is to ensure the maintenance and continued responsibility of lien values during the interim between filing and confirmation in a case. *In re Arriens*, 25 B.R. 79, 81 (Bankr. D. Or. 1982).

15. The Secured Creditors are potentially secured creditors with an interest in the Debtor’s cash collateral. The adequate protection provided to the Secured Creditors includes (a) the Debtor's positive cash flow position and (b) replacement liens against the property of the Debtor for any use of cash collateral, with such liens having the same seniority and entitled to the same level of priority as the priority of such creditors’ perfected liens—if any—against the Debtor’s property that existed prior to the Petition Date.

16. The Debtor’s requested use of cash collateral and the protections afforded to parties with a potential interest in cash collateral herein are reasonable, appropriate, and sufficient to satisfy the legal standard of “adequate protection” and will serve to maintain the value of alleged collateral.

**B. Cash Collateral Use Will Preserve the Debtor's Going Concern Value.**

17. The continued operation of the Debtor's business will preserve its going concern value, enable the Debtor to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtor's ability to confirm a plan. However, if the Debtor is not allowed to use cash collateral, especially through the regular collection of its accounts receivable, it will be unable to operate.

18. It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its efforts to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984); *see In re Stein*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (debtor permitted to use cash collateral when creditor was undersecured because such use was necessary to its continued operations and the

creditor's secured position can only be enhanced by the continued operation of the debtor's business).

19. If the Debtor cannot use cash collateral, it will be forced to cease operations. By contrast, permitting cash collateral use will allow the Debtor to maintain operations and preserve the going concern value of its business which will inure to the benefit of all creditors.

20. A proposed order granting this Motion on an interim basis is attached hereto as **Exhibit B**.

**WHEREFORE**, the Debtor requests that this Court enter an order: (a) authorizing, retroactive to the Petition Date, the Debtor's use of cash collateral in accordance with the Budget and the terms set forth herein for a period of at least twenty-one days from the date the Court grants the Motion; (b) granting the replacement liens set forth above in connection with the Debtor's use of cash collateral; (c) scheduling a further hearing; and (d) granting the Debtor such other and further relief as is just and proper.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: shess@slp.law

By: *_/s/ Bradley S. Shraiberg_*
Bradley S. Shraiberg
Florida Bar No. 121622
Samuel W. Hess
Florida Bar No. 1044184

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service on November 20, 2026.

*/s/ Bradley S. Shraiberg*

**Electronic Mail Notice List**

- **John M Brennan** jack.brennan@gray-robinson.com, 2897605420@filings.docketbird.com
- **Aleida Martinez-Molina** Martinez@SubV-Trustee.com, camm11@trustesolutions.net
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Steven D Schneiderman** Steven.D.Schneiderman@usdoj.gov
- **Bradley S Shraiberg** bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law;mortman@slp.law

# “EXHIBIT A”

1:28 PM
11/19/26
Accrual Basis

# Tech-Optics, Inc.
## Profit & Loss
### October 2026

| | 30 Day Budget |
|---|---|
| Ordinary Income/Expense | |
| Income | |
| Sales | |
| Inkjet | 52,001.56 |
| Other | 2,286.97 |
| Ribbon | 328.90 |
| Toner | 102,227.36 |
| Sales - Other | 67,040.92 |
| Total Sales | 223,885.71 |
| Sales Discounts | -5,149.37 |
| Total Income | 218,736.34 |
| Cost of Goods Sold | |
| COGS | |
| Inkjet | 33,126.02 |
| Other | 1,368.81 |
| Ribbon | 633.48 |
| Toner | 51,482.29 |
| Total COGS | 86,610.60 |
| Inventory Adjustment | -16,915.59 |
| Total COGS | 69,695.01 |
| Gross Profit | 149,041.33 |
| Expense | |
| Administrative | |
| Bank Service Charges | 599.00 |
| COG Payroll | 100,474.84 |
| Commission | 8,000.00 |
| Office Supplies | 39.00 |
| Total Administrative | 109,112.84 |
| General | |
| Company Vehicle | |
| Monthly car payment | 1,550.00 |
| Total Company Vehicle | 1,550.00 |
| Computer Service | 937.75 |
| Garbage Pick Up | 1,155.71 |
| Insurance | |
| Business Insurance | 4,381.44 |
| Total Insurance | 4,381.44 |
| Office Expense | |
| Credit Card Processing Fees | 5,622.24 |
| Total Office Expense | 5,622.24 |
| Shipping | 3,248.32 |
| Telephone | 1,301.91 |
| Utilities | |
| Gas and Electric | 86.79 |
| Total Utilities | 86.79 |
| Total General | 18,284.16 |
| Insurance | |
| Car | 4,500.00 |
| Health | |
| Total Insurance | 4,500.00 |
| Rent | 2,453.50 |
| Selling | |
| Commissions | 754.24 |
| Sales Tax | 489.96 |
| Total Selling | 1,244.20 |
| Total Expense | 135,594.70 |
| Net Ordinary Income | 13,446.63 |
| Net Income | **13,446.63** |

# "EXHIBIT B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Tech-Optics, Inc. Case No. 26-25373-CLC

Debtor. Chapter 11 Subchapter V
_________________________________/

**INTERIM ORDER GRANTING *EMERGENCY* MOTION TO AUTHORIZE USE OF CASH COLLATERAL AND AND SETTING FURTHER HEARING**

**THIS MATTER** came before the Court for hearing on November __, 2026 upon the *Emergency Motion to Authorize Use of Cash Collateral* [ECF No. Xx] (the "Motion") filed by Tech-Optics, Inc. (the "Debtor").

For the reasons stated on the record, and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

1. The Motion [ECF No. XX] is **GRANTED**, effective as of November 18, 2026, on an interim basis subject to a further hearing as set forth herein.

2. Use of Cash Collateral. The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes

contained in, and consistent with, the budget attached to this Order as Exhibit A (the "Budget"), provided that the Debtor shall also be entitled to pay prepetition employee wages as separately authorized by the Court. The Debtor is also authorized: (a) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

3. Replacement Liens. Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by § 552(b) of the Bankruptcy Code, the Debtor grants in favor Secured Creditors, as security for all indebtedness that is owed by the Debtor to the same, but only to the extent that each entity's cash collateral is used by the Debtor, post-petition security interests and liens in, to and against any and all personal property of the Debtor, to the same extent and priority that each such entity held a properly perfected pre-petition security interest in such assets; provided that, however, under no circumstances shall Secured Creditors have a lien on any causes of action arising under 11 U.S.C. § 542 *et seq.*, the proceeds therefrom, or any of the Debtor's assets that it did not have a right to pre-petition. The replacement liens granted under this paragraph shall be subject to any fees payable pursuant to 28 U.S.C. § 1930, any fees due to the Clerk of the Court, and approved professional fees due to the Subchapter V Trustee or Debtor's counsel.

4. Duration. The use of cash collateral provisions in this Order shall remain in effect through December XX, 2026, unless otherwise ordered by the Court.

5. Further Hearing. This Court will hold a further hearing, which may be a final hearing, to consider cash collateral and the Motion [ECF No. 6] on **December XX, 2026 at _:__**

**_.m.** at the United States Bankruptcy Court, C. Clyde Atkins Courthouse, 301 N. Miami Avenue, Courtroom 7, Miami FL 33128.

###

Submitted by:

Bradley S. Shraiberg, Esq.
Proposed Counsel for the Debtor
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800
Facsimile: (561) 998-0047

*Bradley S. Shraiberg, Esq. is directed to serve a copy of this Order upon all interested parties and to file a certificate of service with the Court.*